**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JOSEPH LEE JONES,

    Plaintiff,

    v.

PATENTS AND TRADEMARKS
COMISSIONER,

    Defendant.

Case No. 21-4021-KHV-ADM

## REPORT AND RECOMMENDATION[1]

Pro se plaintiff Joseph Lee Jones filed this case without paying the required filing fee. The court ordered him to pay the filing fee or show cause why his case should not be dismissed because it appears he is largely ineligible for in forma pauperis ("IFP") status pursuant to the three-strikes provision in 28 U.S.C. § 1915(g).  (ECF 6.)  Jones responded by filing a motion for leave to proceed IFP and a response in which he argues he is not a "prisoner" subject to the three-strikes provision because he filed this case from Larned State Hospital ("Larned") rather than a prison.  (ECF 7 & 10.)  Jones misapprehends the law.  He was a "prisoner" subject to the three-strikes provision because, even if he was housed at Larned temporarily, all available information suggests he was there on pending criminal charges and not because of a civil commitment order.  Accordingly, the court recommends that the district judge dismiss this case because Jones has not established that he is entitled to proceed IFP, he did not pay the filing fee by the date ordered, and his complaint fails to state a claim upon which relief can be granted.

---

[1] The court issues this Report and Recommendation because denying a motion to proceed IFP is a dispositive ruling.  *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

**I.      BACKGROUND**

Portions of Jones' complaint and attachments are virtually incomprehensible. (ECF 1.) However, broadly construed, it appears that the factual allegations primarily relate to his efforts to obtain patent and/or trademark protection for what he contends is intellectual property that Google is wrongfully using. The complaint lists Jones' address at Larned, and the clerk's office docketed the case with that address and with Jones' assigned inmate number. (ECF 1, at 1.) At the time of filing, Jones did not pay the filing fee or file a motion for leave to proceed IFP. Four days after Jones filed this case, the clerk's office docketed Jones' notice of change of address, noting his transfer to the Douglas County Jail. (ECF 5.)

On April 14, the court ordered Jones to either (1) pay the filing fee by May 15, because it appeared that Jones was a prisoner subject to the three-strikes provision under 28 U.S.C. § 1915(g) and therefore could not proceed IFP, or (2) show cause why his case should not be dismissed if he failed to pay the filing fee. (ECF 6.) On April 21, Jones filed a motion for leave to proceed without prepayment of fees, and the court issued a Report and Recommendation that the district judge deny the motion based on § 1915(g). (ECF 9 & 10.) The following day, Jones filed a response to the show-cause order. (ECF 10.) In it, he contends that he was not a "prisoner" within the meaning of the Prison Litigation Reform Act ("PLRA") at the time he filed suit, and therefore § 1915(g) does not bar him from proceeding IFP in this action. Because of Jones' allegations, the court withdrew its prior Report and Recommendation to issue a new Report and Recommendation that addresses Jones' argument that he was not a "prisoner" under the PLRA at the time he filed suit. (ECF 11.)

## II. JONES IS BARRED UNDER THE PLRA's THREE-STRIKES PROVISION FROM PROCEEDING IFP IN THIS CASE

One of the purposes of the PLRA is to address the "sharp rise in prisoner litigation in the federal courts." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006).  Under the PLRA, prisoners obtain a "strike" against them for purposes of future IFP eligibility when their "action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g); *Childs v. Miller,* 713 F.3d 1262, 1265 (10th Cir. 2013).  Once a prisoner accumulates three strikes, the court must require the prisoner to prepay the entire filing fee "unless the prisoner is under imminent danger of serious physical injury." § 1915(g); *Childs,* 713 F.3d at 1265.

Jones has accumulated more than three strikes and his case does not involve any suggestion that he is in imminent danger of serious physical injury.  Jones has brought at least four civil cases or appeals that qualify as "strikes"—namely, *Jones v. State of Kansas*, D. Kan. Case No. 12-3229-SAC (dismissing complaint as frivolous and stating no claim for relief), *appeal dismissed* (10th Cir. Aug. 14, 2014) (additional "strike" assessed); *Jones v. Biltoft*, D. Kan. Case No. 14-3041-SAC (dismissing complaint as frivolous); *Jones v. U.S. Copyright Office*, D. Kan. Case No. 14-3078-SAC (dismissing complaint as stating no claim for relief); *Jones v. U.S. Copyright Office*, D. Kan. Case No. 14-3108-SAC (dismissing complaint as frivolous, duplicative, and abusive).  Because of this, other judges in this district have previously found that Jones is subject to the three-strikes provision. *See, e,g.*, *Jones v. Crow*, D. Kan. Case No. 20-3177-HLT (ECF 3); *Jones v. Saul*, D. Kan. Case No. 20-4008-JAR (ECF 3); *Jones v. United States Copyright Office and Patents*, D. Kan. Case No. 15- 3098-SAC (ECF 28).

Jones tries to circumvent this by arguing that he is not a prisoner because he did not file this case from a jail or prison, and therefore § 1915(g) does not apply.  But this argument

3

misunderstands the meaning of the term "prisoner" under the PLRA. The PLRA does not limit the definition of "prisoner" to individuals housed in prison facilities. Rather, the PLRA defines "prisoner" as "any person incarcerated or detained *in any facility* who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." § 1915(h) (emphasis added). Thus, the determinative factor is not whether the plaintiff is currently housed in a prison but whether the person is (1) "incarcerated or detained in any facility" and, if so, (2) whether the person is being held as a result of criminal charges, convictions, a prison sentence, or violations of parole, probation, pretrial release, or diversion. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007) (plaintiff confined at a halfway house was a "prisoner" because he was there as the result of a criminal conviction). For example, the Second Circuit found that a plaintiff who was charged with a crime was a "prisoner" under the PLRA even though he was later transferred to a mental health institution under a temporary observation order. *See Gibson v. City Municipality of New York*, 692 F.3d 198, 201–02 (2d Cir. 2012). The court had "little trouble" finding the plaintiff met the definition of a "prisoner" even though the temporary observation order effectively suspended, but did not terminate, the criminal action under New York law. *Id.*

In contrast, a civil detainee is not a "prisoner" under the statute if the detainee is not facing criminal charges while being held in custody. *See Merryfield v. Jordan*, 584 F.3d 923, 927 (10th Cir. 2009) (person civilly committed as a sexually violent predator was not a "prisoner" because the commitment was not the result of a violation of criminal law but rather was based on a finding that he posed a future danger; expressing "no opinion as to the applicability of PLRA's fee payment provisions to other types of civil commitments"); *compare Kalinowski v. Bond,* 358 F.3d 978, 979 (7th Cir. 2004) (plaintiff was a "prisoner" under the

4

PLRA where he was committed civilly under the Illinois Sexually Dangerous Persons Act because he was "a person charged with a felony, whose criminal proceedings [were] held in abeyance during treatment for mental illness"; "Pretrial detainees are 'prisoners' for purposes of the PLRA because they are in custody while 'accused of . . . violations of criminal law.'"), *with Andrews v. King*, 398 F.3d 1113, 1121–22 (9th Cir. 2005) (plaintiff was not a "prisoner" under the PLRA where he was held in Immigration and Naturalization Service custody and was not facing criminal charges"); *Kolocotronis v. Morgan*, 247 F.3d 726, 727–28 (8th Cir. 2001) (same, individual housed in a state mental facility pursuant to a finding that he was not guilty of a criminal charge by reason of insanity).

Here, all available information suggests only that Jones was a "prisoner" under the PLRA when he filed this lawsuit because he was being held on pending criminal charges. At some point, Jones was detained in the Douglas County Jail on criminal charges in Case No. 2019-CR-001075. *See Jones v. Bureau of Prisons*, 21-3058-SAC (ECF 4) (noting the pending criminal charges). He was housed at the Douglas County Jail in January 2021, when he was transferred directly from the jail to Larned. *See Jones v. Douglas County Sherriff's Office*, 20-2522-SAC (ECF 28) (plaintiff's notice of change of address memorializing the move). He filed this case on April 8, allegedly from Larned. On April 12, he filed another notice of change of address reflecting his move directly back to the Douglas County Jail. (ECF 5.)[2] Thus, it appears that Jones was transferred to Larned while he was in custody on pending criminal charges. Under Kansas law, the court can order evaluation and treatment of a criminal defendant. *See* KAN. STAT. ANN. § 22-3303(1). But that does not mean that criminal charges have been dropped, and

---

[2] Jones filed another notice of change of address on May 17, which states that he is now housed at the Shawnee County Jail. (ECF 14.)

5

it does not transform a criminal case into a civil commitment proceeding. Indeed, Kansas law does not require that criminal charges be dismissed automatically even if the court orders the state to commence involuntarily commitment proceedings. *State v. Parker*, 116 P.3d 759, 762–63 (Kan. Ct. App. 2005) (finding the district court erred by dismissing the defendant's criminal case at the time it ordered commencement of involuntary commitment proceedings).

Jones's contention that he was civilly committed at the time he filed suit is not credible given the information available. Jones has not produced any court order to show that the criminal charges against him were dismissed before he filed this lawsuit. He also has not produced any records showing that his most recent transfer to Larned was the result of a civil commitment rather than him being held in custody on pending criminal charges. Although he produced what appears to be the cover page to a separate two-page order issued in his criminal case, it appears to cover a prior stay at Larned. (ECF 13, at 7.) The order is dated February 20, 2020. But, as stated above, Jones filed this case when he was housed at Larned in January through April of 2021. The cover page provides no details about the commitment, and it does not suggest that he was civilly committed. To the contrary, the order indicates it was issued in Jones' criminal case. And, as explained previously, determining whether a plaintiff meets the definition of a "prisoner" under the PLRA depends on whether the plaintiff is accused of violating criminal law. *See Gibson*, 692 F.3d at 201-02.

For these reasons, Jones is barred from proceeding IFP in this case under the PLRA's three-strikes provision set forth in § 1915(g). Indeed, other judges in this district have previously applied the PLRA's three-strikes provision to individuals housed at Larned, including Jones. *See Jones*, 21-3058-SAC (ECF 4); *see also Smith v. Rohling*, No. CIV.A. 10-3184-SAC, 2011 WL 1326038, at *1 (D. Kan. Apr. 6, 2011); *Parrish v. Kansas Dep't Of Corr.*, No. CIV.A. 10-3223-

SAC, 2010 WL 4873584, at *1 (D. Kan. Nov. 23, 2010).  To the extent that the court has misapprehended the nature of Jones' confinement based on the limited record, Jones is free to object to this Report and Recommendation by producing a civil commitment order or other relevant court orders establishing that he was not being held on pending criminal charges when he filed this case.  But, unless he does so, the court recommends that the district judge deny Jones' motion for leave to proceed in forma pauperis and dismiss Jones' case without prejudice for failing to pay the filing fee by the court-ordered deadline of May 15.

### III.     DISMISSAL-BASED SCREENING REQUIREMNETS

Regardless of whether Jones comes forward with the aforementioned orders, the court also recommends that the district judge dismiss Jones' complaint under § 1915(e)(2) for failure to state a claim, in which case his IFP motion should be denied as moot.  *See Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012) (recognizing the district court's discretion to screen a complaint before or after granting IFP status); *see also Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 F. App'x 666, 668 (10th Cir. 2008) (declining to decide whether a civilly committed plaintiff was a "prisoner" subject to the three-strikes provision and instead dismissing the case as frivolous under § 1915(e)(2)).  Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise."  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).  "Notwithstanding any filing fee," the court must dismiss the case at any time if plaintiff's allegation of poverty is untrue or if the action frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant.  § 1915(e)(2).  "Thus, in order to succeed on a motion to proceed IFP, the movant must show . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."  *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Here, Jones' complaint does not demonstrate a reasoned, nonfrivolous argument on the law and facts in support of the issues he has raised in this action. The complaint is nearly incomprehensible and fails to state a claim for relief. In screening Jones' complaint to determine whether it states a claim, the court applies the same standard it would apply to a Rule 12(b)(6) motion to dismiss. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim for relief. *Id.*

The court must liberally construe a pro se plaintiff's filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

Jones's complaint does not identify any particular cause of action, although he checked boxes on the form that purport to invoke this court's federal-question jurisdiction based on the case arising under the Constitution of the United States—specifically, "Article one, Section 8; Statute, US Code Title 35, Section et seq." (ECF 1, at 3.) He also checked the box indicating that federal-question jurisdiction is premised on 28 U.S.C. § 1343, and he states that additional jurisdictional grounds include his First Amendment right to practice his religion and to patent

and trademark intellectual property. (*Id.*) Broadly construed, Jones alleges that the U.S. Patent and Trademark Office ("USPTO") failed to provide him with forms to file his patents for artificial intelligence, including "Fractal mathematics" and the "Fractal Bible for Christian Transhumanism," and the "intelligence amplifier (interface to the soul)." (ECF 1, at 3.) He requests that the court order the USPTO to produce the documents and alleges that Google is somehow using his material to "teach people" after it shut down Jones' website. (*Id.* at 4.)

These allegations do not provide a sufficient factual basis to raise a right to relief above the speculative level. Jones merely states a grievance—not receiving unspecified documents for him to apply for patent and trademark protection—without tying that grievance to any recognized legal claim that would provide a right to relief. Although Jones checked boxes on the form complaint alleging a violation of his constitutional and civil rights, he has not pleaded any facts that would support any violation of those rights. For these reasons, the court recommends that the district judge also dismiss this case pursuant to § 1915(e)(2) because Jones fails to state a claim on which relief can be granted. As a result, his motion to proceed without prepayment of fees should be denied as moot.

IV.   **CONCLUSION**

This is but one in a long line of unmeritorious cases Jones has filed in this district. The court believes that he meets the definition of "prisoner" under the PLRA, but his complaint is fatally flawed regardless. Therefore, for the reasons explained above, the court recommends that the district judge dismiss this case without prejudice because Jones has not established that he is entitled to proceed IFP, he did not pay the required filing fee by the court-ordered deadline of May 15, and his complaint fails to state a claim upon which relief can be granted. Consequently, his motion for leave to proceed IFP should also be denied.

9

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b) Jones may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If Jones does not file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court. *See In re Key Energy Res. Inc*., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated May 18, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
