**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JOSEPH LEE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 21-4021-KHV |
| | ) | |
| PATENTS AND TRADEMARKS COMMISSIONER, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

On April 8, 2021, Joseph Lee Jones filed suit, pro se, against Patents and Trademarks Commissioner, alleging that Google is wrongfully using his intellectual property. See Complaint (Doc. #1). On June 28, 2021, the Court dismissed plaintiff's case without prejudice, finding that (1) plaintiff's complaint did not state a claim upon which relief can be granted, (2) plaintiff did not establish that he was entitled to proceed in forma pauperis and (3) plaintiff did not pay the court-ordered filing fee by the deadline of May 15, 2021. See Order (Doc. #18). That same day, the Court entered judgment. See Judgment (Doc. #19).

On September 20, 2024, plaintiff filed a motion titled, RE: US Patent, Trade, Copy Rightes [sic], Church (Doc. #21), requesting that the Court reopen his case. For reasons stated below, the Court overrules plaintiff's motion.

**Analysis**

Because plaintiff is asking the Court to reconsider its dismissal, and because plaintiff did not file his motion within 28 days of the Court's entry of judgment, the Court construes plaintiff's motion as a Rule 60(b), Fed. R. Civ. P., motion for relief from a final judgment or dispositive order. See Fed. R. Civ. P. 59(e) (moving party has 28 days to file motion); Fed. R. Civ. P. 60(c)(1)

(Rule 60(b) motion "must be made within a reasonable time").

Under Rule 60(b), the Court has discretion to relieve a party from a final judgment, order or proceeding for the following reasons:

(1)	mistake, inadvertence, surprise or excusable neglect;

(2)	newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)	fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party;

(4)	the judgment is void;

(5)	the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)	any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Under Rule 60(c)(1), a party must file a motion under Rule 60(b) within a reasonable time—and for reasons (1), (2) and (3), no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). A party must offer sufficient justification for any delay in filing. Myzer v. Bush, 750 F. App'x 644, 647 (10th Cir. 2018).

Here, plaintiff does not specify the grounds upon which he seeks to reopen his case. Even so, plaintiff filed this motion over three years after the Court dismissed it and entered judgment, and the Court cannot conclude that plaintiff filed this motion within a reasonable time. See Davis v. Warden, Fed. Transfer Ctr., Oklahoma City, 259 F. App'x 92, 94 (10th Cir. 2007) (three years after judgment not reasonable time); Sorbo v. United Parcel Serv., 432 F.3d 1169, 1178 (10th Cir. 2005) (one year after judgment not reasonable time); United States v. Morales–Morales, 222 F.

-3-

App'x 796, 796–97 (10th Cir. 2007) (one and a half years after judgment not reasonable time). The Court therefore overrules as untimely plaintiff's motion to reopen his case.

Even if plaintiff had filed a timely motion, he has not alleged grounds on which the Court would grant relief from the judgment. Plaintiff asserts that the Court should reopen his case because (1) the date he wrote his motion was his mother's birthday and "her A.I. avatar shall emulate her" and (2) the inventions and creations at issue are difficult for him to create and therefore he is left with no choice but to "seize the moment and push for everyone under god, even [his] A.I." RE: US Patent, Trade, Copy Rightes [sic], Church (Doc. #21) at 2. Relief under Rule 60(b) is extraordinary, and plaintiff has not alleged exceptional circumstances which would warrant relief from the judgment in this case. See Yapp, 186 F.3d at 1231.

**IT IS THEREFORE ORDERED** that RE: US Patent, Trade, Copy Rightes [sic], Church (Doc. #21) filed September 20, 2024, which the Court construes as a motion for relief from final judgment under Rule 60(b), Fed. R. Civ. P., is **OVERRULED.**

Dated this 23rd day of October, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
